UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Tracilee Churlik,
*individually and on behalf
of all others similarly situated*,

    Plaintiff,

v.

Gate City Bank,

    Defendant.

Case No. 23-cv-0637 (WMW/LIB)

**ORDER**

---

Before the Court is Defendant Gate City Bank's ("Gate City") motion to dismiss. (Dkt. 25.)  For the reasons addressed below, the Court grants the motion.

## BACKGROUND

Plaintiff Tracilee Churlik holds a checking account with Defendant Gate City Bank. The checking account is governed by the "Account Agreement" comprised of the Terms and Conditions, Schedule of Fees and Opt-In Agreement (collectively, "Account Agreement").

Churlik's complaint challenges two types of non-sufficient funds ("NSF") fees imposed by Gate City pursuant to the Account Agreement. The first are NSF fees on debit card transactions that were authorized against sufficient funds but subsequently settled against insufficient funds on seven occasions after Churlik spent the funds that were needed to pay those transactions before they were presented for payment ("APSN Transactions"). The second is an NSF fee on a $0.28 withdrawal verification by PayPal made against

insufficient funds ("verification debit").  Churlik seeks to represent two classes: Minnesota customers that are charged fees on APSN Transactions and Minnesota customers that are charged fees on verification debits.

Churlik filed a complaint asserting claims alleging (1) breach of contract, including breach of the implied covenant of good faith and fair dealing, (2) unjust enrichment and (3) violations of the Minnesota Consumer Fraud Act.  Gate City moved to dismiss for failure to state a claim on which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

## ANALYSIS

### I.     Legal Standards

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  While the Court must accept factual allegations as true, the Court need not accept legal conclusions.  *Christopher v. Ramsey Cnty.*, 621 F. Supp. 3d 972, 977 (D. Minn. 2022).

Under Minnesota law, the elements of a breach of contract claim are "(1) formation of a contract, (2) performance by plaintiff of any conditions precedent to his right to demand performance by the defendant, and (3) breach of the contract by defendant."  *Lyon Fin. Servs., Inc. v. Illinois Paper & Copier Co.*, 848 N.W.2d 539, 543 (Minn. 2014) (quoting *Park Nicollet Clinic v. Hamann*, 808 N.W.2d 828, 833 (Minn. 2011)).

## II. Breach of Contract

Under contract interpretation principles, words should not be interpreted in isolation and effect should be given to each contract term. *See Halla Nursery, Inc. v. City of Chanhassen*, 781 N.W.2d 880, 884 (Minn. 2010). Courts interpret ambiguous account agreement terms regarding when fees are assessed as promising that fees will be assessed at the time of authorization. *See, e.g., Lloyd v. Navy Fed. Credit Union*, 2018 WL 1757609 at *8 (S.D. Cal. Apr. 12, 2018).

The Account Agreement contains language referring to the bank "paying" fees and distinguishing between authorization of a transaction and later payment at settlement. The Account Agreement does not contain any promise to assess fees based on the account balance at authorization or to sequester held funds to pay specific transactions. The Account Agreement's repeated use of "pay" and "payment" in reference to when fees are assessed, along with the additional clarifying language distinguishing holds from payment, support Gate City's legal argument that the bank is permitted to charge NSF fees when it pays APSN transactions that overdraw an account.

The Court concludes that the Account Agreement permits Gate City to charge NSF fees when it pays APSN transactions that settle against insufficient funds, even if those transactions were previously authorized against sufficient funds. Therefore, Gate City did not breach the express terms of the Account Agreement by charging NSF fees on APSN transactions.

**III.     Breach of Implied Covenant of Good Faith and Fair Dealing**

Under Minnesota law, every contract includes an implied covenant of good faith and fair dealing requiring that one party not "unjustifiably hinder" the other party's performance. *In re Hennepin Cnty. 1986 Recycling Bond Litigation*, 540 N.W.2d 494, 502 (Minn. 1995). "A party acts in bad faith if it refuses 'to fulfill some duty or contractual obligation based on an ulterior motive.'" *Kivel v. WealthSpring Mortg. Corp.*, 398 F.Supp.2d 1049, 1057 (D. Minn. 2005). Merely seeking to maximize profits is insufficient to show bad faith. *BP Prod. N. Am., Inc. v Twin Cities Stores*, 534 F.Supp.2d 959, 967 (D. Minn. 2007).

As discussed above, the unambiguous Account Agreement expressly permitted Gate City to charge the NSF fees at issue for transactions that overdrew the account. By charging overdraft fees clearly allowed under the contractual terms, Gate City did not "unjustifiably hinder" Churlik's rights or contractual performance as prohibited. *In re Hennepin Cnty.*, 540 N.W.2d at 502.

Additionally, Churlik failed to plausibly allege in her complaint that Gate City had any improper ulterior motive beyond maximizing profit when assessing the NSF fees. As established in *Kivel*, to demonstrate bad faith, Churlik needed to allege sufficient facts suggesting that Gate City refused to fulfill its contractual obligations based on an ulterior motive outside of ordinary business revenue interests. 398 F. Supp. 2d at 1057. Mere allegations that Gate City aimed to maximize its fees fail to clear this bar. *BP Prod.*, 534 F.Supp.2d at 967. Because the Account Agreement allowed the NSF fees, and Churlik did not adequately allege any ulterior motive beyond profit, Gate City did not breach the

4

implied covenant of good faith and fair dealing. Accordingly, Churlik fails to state a claim under this theory, and her breach of implied covenant claim is dismissed.

## IV.   Unjust Enrichment

Under Minnesota law, an unjust enrichment claim fails when an enforceable, written contract governs the issue because the contract precludes requiring payment on a quasi-contract theory. *Gisairo v. Lenovo (United States) Inc.*, 516 F.Supp.3d 880, 893 (D. Minn. 2021). While Rule 8(d), Fed. R. Civ. P., generally allows parties to plead unjust enrichment as an alternative theory even where a contract claim is valid, parties cannot maintain or recover on an unjust enrichment claim if the governing contract is enforceable. *See Cummins Law Office, P.A. v. Norman Graphic Printing Co.*, 826 F.Supp.2d 1127, 1132 (D. Minn. 2011).

Here, both Gate City and Churlik agree that the Account Agreement contract governs the NSF fees at issue. Churlik did not allege any facts suggesting that the Account Agreement is unenforceable or invalid such that a quasi-contract claim could be permissible. Churlik's breach of contract claim also does not contain any deficiencies. Therefore, under the rules articulated in *Gisairo* and *Cummins*, the valid written Account Agreement precludes Churlik from maintaining an unjust enrichment claim as an alternative pleading.

## V.     Violation of Minnesota Consumer Fraud Act

To bring a claim under the Minnesota Consumer Fraud Act ("MCFA"), private plaintiffs must demonstrate that their cause of action benefits the public, rather than just a discrete group of consumers. *See Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2000). And the alleged misrepresentation must be made in connection with the sale of merchandise. Minn. Stat. § 325F.69, subd. 1.

Churlik alleges harm only to herself and other Gate City customers who incurred certain overdraft fees. As the court found in *Thorkelson* regarding a discrete class of consumers, Churlik's allegations do not demonstrate the public benefit that is required for a private MCFA claim. *Thorkelson v. Publ'g House of Evangelical Lutheran Church in Am.*, 764 F.Supp.2d 1119, 1131 (D. Minn. 2011). Additionally, overdraft fees themselves are not categorized or listed in the statute as sales of merchandise or goods governed by the law's provisions. Minn. Stat. § 325F.69, subd. 1. Crucially, Churlik does not plausibly allege that Gate City made any specific misrepresentation regarding overdraft fees or account terms at the time of opening her account, which is when an actionable sale occurred. Similar to *Thorkelson*, where the court dismissed ERISA claims after finding the retirement plan qualified as a church plan exempt from ERISA, Churlik cannot assert claims that depend on provisions of consumer protection statutes that apply to the account agreement with Gate City.

Because Churlik fails to adequately plead facts showing that her claim benefits the public broadly rather than a discrete group, or that Gate City made an actionable

misrepresentation related to the sale of her account, Churlik's pleadings cannot sustain a MCFA claim.

## VI. Conclusion

Based on the foregoing analysis, the Court concludes that dismissal of the complaint, pursuant to Rule 12(b)(6), is warranted. The plain language of the Account Agreement unambiguously permitted Gate City to charge NSF fees when it paid APSN debit card transactions that settled against insufficient funds, even though the transactions were previously authorized on sufficient funds. Multiple provisions in the Agreement refer to fee assessment occurring when Gate City "pays" transactions. The Agreement distinguishes authorization from later payment and contains no promise to assess fees based on the balance when the authorization occurs or to sequester held funds.

Although Churlik contends that the Account Agreement is ambiguous as to the NSF fees, when the Account Agreement is considered in its entirety, the Court finds no ambiguity as to the plain meaning of the Account Agreement's terms. Because the contract claim fails, Churlik's claims for breach of implied covenant of good faith and fair dealing, unjust enrichment and violations of the MCFA also fail.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Gate City Bank's motion to dismiss, (Dkt. 25), is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: February 6, 2024                         s/ Wilhelmina M. Wright
                                                Wilhelmina M. Wright
                                                United States District Judge